STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| Town of Warren,<br>　　Plaintiff, | } } } } | |
| v. | } } | Docket No. 94-6-99 Vtec |
| Bouse Knight Anderson, III,<br>　　Defendant. | } } } } | |

Decision and Order on Town's Motion for Partial Summary Judgment

The Town is represented by Glenn C. Howland, Esq.; Defendant Bouse Knight Anderson, III, represents himself. The Town moved for partial summary judgment in this enforcement action. The Court granted Defendant several extensions of time to file a response to the motion, which he did not do. The following facts are not in dispute:

Defendant owns a parcel of land identified as Lot 44 in Warren Village, containing a single-family residence. On March 17, 1997, the Zoning Board of Adjustment (ZBA) of the Town of Warren had issued a variance from the side yard setback requirements, to allow Defendant to construct a modular home in a specific location on the lot. A condition of the variance decision was that: "an open porch shall be constructed no closer than six feet from applicant's north boundary line." Defendant did not appeal the variance decision, and it became final.

In the summer of 1997, Defendant constructed the home, of which the deck or open porch was located within the six-foot setback to Defendant's north property line, and also constructed a garage within or under the home, making the home higher than the 13-foot dimension shown in the original application. By a Notice of Violation dated September 26, 1997, remailed on September 29, 1997, and received by Defendant on October 1, 1997, the Zoning Administrator notified Defendant of three violations: construction of the open porch within six feet of the property line; construction of a garage not shown on the permit

1

application; and failure to modify health permit to show revised location of septic tank.

Defendant appealed the notice of violation to the ZBA[1], which denied his appeal as to the issue of the deck's setback, and granted his appeal as to the garage and the health permit, finding that revisions to the health permit had been filed in early September 1997 and that the installation of garage doors within the footprint of the house was not a violation of Defendant's permit or variance.

Neither Defendant nor the Town appealed from this order. Accordingly, the Town is bound by the ZBA's conclusion as to the garage, and Count II is DISMISSED, without prejudice to the Town's bringing any enforcement action for failure to show the in-building garage on the initial application, or to require a permit amendment for the building as-built. Similarly, Defendant is bound by the ZBA's conclusion that he built the deck within the setback area as established in the variance, and cannot now challenge the fact of that violation. Accordingly, the Town is entitled to summary judgment in its favor as to the deck setback violation.

The deck setback violation could be resolved by the removal of the portion of the deck extending into the six foot setback allowed by the variance. As an alternative, the Town and Defendant have been discussing a resolution of the deck setback violation by the sale to Defendant of a strip of land along Defendant's north boundary, to render that setback complying, and these proceedings were postponed for a time while those discussion went forward. Based on the history of the case, the fact that the penalty the Town sought in its summary judgment motion was based upon the violations cited in Counts I and II, and that it is unclear from the documents filed to date whether Count III is still being pursued, we will not grant a monetary penalty on summary judgment. Rather, we will set a time limit by which Defendant may either remove the non-complying portion of the deck or may complete the purchase necessary to render the setback complying, and then

---

[1] The decision from this appeal was attached to the complaint, although the Town stated in the complaint and in the motion that the notice of violation was not appealed.

2

will set a brief hearing for the presentation of any evidence regarding an appropriate penalty.

Accordingly, based on the foregoing, the Town's Motion for Partial Summary Judgment is GRANTED as to Count I. On or before June 16, 2000, Defendant shall either remove the portion of the deck which extends into the six-foot setback allowed by the variance, or shall have entered into a binding purchase and sale agreement for the purchase of sufficient property to render the setback complying. On June 16, 2000, the Court will hold a telephone conference with the parties to set a date for a hearing on the amount of penalty to be established for this violation.

The Town's Motion for Partial Summary Judgment is DENIED as to Count II, which is DISMISSED without prejudice. On or before May 15, 2000, the Town shall file with the Court a statement of its position as to whether it will be pursuing Count III.

Done at Barre, Vermont, this 5th day of May, 2000.

_____
Merideth Wright
Environmental Judge

3